968 So.2d 680 (2007)
SPECIALTY ENGINEERING CONSULTANTS, INC., a Florida corporation, Petitioner,
v.
HOVSTONE PROPERTIES FLORIDA, LLC; Halco, Inc., a Florida corporation; Future Construction Tech, Inc., a Florida corporation; and Bradco Supply Corporation, a Florida corporation, Respondents.
No. 4D07-3821.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
Jeremy C. Daniels and Madelyn Simon Lozano of Daniels, Kashtan, Downs, Robertson *681 & Magathan, Coral Gables, for petitioner.
No response required for respondents.
KLEIN, J.
In Chapter 558, the Florida Legislature created an alternative method to resolve construction disputes involving multiple parcels such as condominiums, co-ops, property owner's associations, and mobile home parks. Petitioner, who was the defendant in a suit for construction defects, seeks a writ of certiorari to review the trial court order holding that the presuit requirements of Chapter 558, Florida Statutes, did not apply under these facts. We deny the petition.
Respondent Hovstone, the claimant, is both the owner and contractor for this condominium project. The type of claimant which must comply with Chapter 558 is defined in section 558.002(3) as follows:
"Claimant" means a property owner, including a subsequent purchaser or association, who asserts a claim for damages against a contractor, subcontractor, supplier, or design professional concerning a construction defect or a subsequent owner who asserts a claim for indemnification for such damages. The term does not include a contractor, subcontractor, supplier, or design professional.
The trial court ruled that because this owner was a contractor, Chapter 558 did not apply, relying on two federal cases which have held that an owner who is also the contractor is not a claimant as defined in Chapter 558. Centex Homes v. Mr. Stucco, Inc., 2007 WL 2264622 (M.D.Fla. Aug. 6, 2007), and Centex Homes v. Turlington Custom Stucco Plastering, 2007 WL 2010803 (M.D.Fla. July 6, 2007). We agree with those cases and conclude that Chapter 558 does not apply where, as in this case, the claimant is both property owner and contractor. Petition denied.
STEVENSON and MAY, JJ., concur.